# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0331, <u>K.M. v. J.M.</u>, the court on October 25, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, K.M., appeals the order of the Circuit Court (<u>LeDuc</u>, J.), following a hearing, dismissing her petition for a domestic violence final order of protection from the defendant, J.M. <u>See</u> RSA 173-B:5 (2022). She argues that the trial court erred by finding that she failed to prove that: (1) the defendant committed the offense of stalking, <u>see</u> RSA 633:3-a (2016); and (2) his conduct constituted a present credible threat to her safety. We vacate and remand.

To be granted a domestic violence final order of protection, the plaintiff must establish, by a preponderance of evidence, that the defendant engaged in "abuse." RSA 173-B:5, I. "Abuse" means the commission or attempted commission of one or more enumerated crimes by a family or household member or a current or former sexual or intimate partner when such conduct "constitute[s] a credible present threat" to the plaintiff's safety. RSA 173-B:1, I (2022); <u>see</u> <u>S.C. v. G.C.</u>, 175 N.H. 158, 163 (2022). The enumerated crimes that may constitute abuse include "[i]nterference with freedom as defined in RSA 633:1 through RSA 633:3-a," <u>see</u> RSA 173-B:1, I(d), which includes stalking, as defined in RSA 633:3-a.

A person commits the offense of stalking if such person "[p]urposely, knowingly, or recklessly engages in a course of conduct targeted at a specific person which would cause a reasonable person to fear for his or her personal safety or the safety of a member of that person's immediate family, and the person is actually placed in such fear." RSA 633:3-a, I(a).

Alternatively, a person commits the offense of stalking if such person "[p]urposely or knowingly engages in a course of conduct targeted at a specific individual, which the actor knows will place that individual in fear for his or her personal safety or the safety of a member of that individual's immediate family." RSA 633:3-a, I(b).

"Course of conduct" is defined as two or more acts over a period of time, however short, which evidences a continuity of purpose. RSA 633:3-a, II(a). A course of conduct shall not include constitutionally protected activity, nor shall

it include conduct that was necessary to accomplish a legitimate purpose independent of making contact with the targeted person." RSA 633:3-a, II(a).

In this case, the trial court found that the defendant "knowingly engaged in a course of conduct targeted at the [p]laintiff," that his conduct "may reasonably cause her fear," and that it actually "placed her in fear." However, the court concluded that the defendant did not commit the offense of stalking because the defendant was not "exerting a 'true threat,' one where 'the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual,'" citing S.D. v. N.B., 176 N.H. 44, 51 (2023). However, the issue of whether a communication constitutes a "true threat" relates to whether it is protected by the First Amendment, see id., not whether a defendant has committed the offense of stalking. Accordingly, we conclude that the trial court erred in finding that the defendant's conduct did not constitute stalking because there was no "true threat."

The trial court also concluded that the plaintiff failed to prove that the defendant's conduct constituted a credible, present threat to her safety. See RSA 173-B:1, I. We conclude that the trial court's error in considering whether the defendant's conduct constituted a "true threat" may have affected its finding on this issue as well. Moreover, we are unable to properly determine whether the evidence is sufficient to support the court's findings because the court granted the plaintiff's request to present her evidence by offers of proof. See Fam. Div. R. 1.28(D) ("Requests for restraining orders against any person should not be presented by offers of proof."). Accordingly, we vacate the trial court's order and remand for a new hearing on whether the defendant engaged in stalking, and whether such conduct constituted a credible, present threat to her safety. See Fenlon v. Thayer, 127 N.H. 702, 709 (1986) ("Where it appears that the error may have affected all the issues, the conclusion of law that there must be a complete new trial follows." (quotation omitted)).

Vacated and remanded.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2